# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EARNEST S. HARRIS,<br><br>    Plaintiff,<br><br>v.<br><br>SEXON, et al.,<br><br>    Defendants. | Case No.: 1:18-cv-00080-SAB (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTION FOR EMERGENCY INJUNCTION BE DENIED<br><br>[ECF No. 1] |

Plaintiff Earnest S. Harris is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

In his complaint filed on January 18, 2018, Plaintiff requests the Court issue an emergency injunction. For the reasons explained below, Plaintiff's request must be denied.

**I.**

**DISCUSSION**

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. Univ. of Texas v. Camenisch, 451 U.S. 390, 395 (1981). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural

1

Resources Defense Council, Inc., 555 U.S. 7, 20 (2008) (citations omitted). An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief. Id. at 22 (citation omitted) (emphasis added). The analysis for a temporary restraining order is substantially identical to that for a preliminary injunction. Stuhlbarg Intern. Sales Co., Inc. v. John D. Brush and Co., Inc., 240 F.3d 832, 839 n.7 (9th Cir. 2001).

In cases brought by prisoners involving conditions of confinement, any preliminary injunction must be narrowly drawn, extend no further than necessary to correct the harm the Court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm. 18 U.S.C. § 3626(a)(2). The pendency of this action does not give the Court jurisdiction over prison officials in general. Summers v. Earth Island Institute, 555 U.S. 488, 491–93 (2009); Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010). The Court's jurisdiction is limited to the parties in this action and to the viable legal claims upon which this action is proceeding. Summers, 555 U.S. at 491–93; Mayfield, 599 F.3d at 969.

Plaintiff seeks an emergency injunction to stop all security checks. In this instance, Plaintiff has not demonstrated that he is likely to succeed on the merits of his claim. By way of separate order, the Court screened Plaintiff's complaint, found that it did not state any cognizable claim, and granted Plaintiff leave to amend. Therefore, this action does not proceed on any viable complaint at this time. Further, no Defendant has been ordered served and no Defendant has yet made an appearance.

"[A] court has no power to adjudicate a personal claim or obligation unless it has jurisdiction over the person of the defendant." Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 110, 89 S.Ct. 1562 (1969); S.E.C. v. Ross, 504 F.3d 1130, 1138-39 (9th Cir. 2007). At this juncture, the Court lacks personal jurisdiction over the Defendants and it cannot issue an order requiring them to take any action. Nor does the Court have jurisdiction over CDCR or prison officials generally merely based on the pendency of this action. Thus, at this early stage in the litigation and based on the limited record, the Court cannot find that Plaintiff has demonstrated a likelihood of success on the merits.

///

///

///

## II.

## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that Plaintiff's motion for an emergency injunction be denied.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **twenty-one (21) days** after being served with this Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **March 15, 2018**

UNITED STATES MAGISTRATE JUDGE