UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EARNEST S. HARRIS,<br><br>   Plaintiff,<br><br>   v.<br><br>SEXTON, *et al.*,<br><br>   Defendants. | No. 1: 18-cv-00080-DAD-SAB<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DENYING DEFENDANTS' MOTION TO DISMISS, AND REFERRING MATTER BACK TO MAGISTRATE JUDGE FOR FURTHER PROCEEDINGS<br><br>(Doc. No. 28) |

Plaintiff Earnest S. Harris is appearing *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On September 6, 2018, the assigned magistrate judge filed findings and recommendations, recommending that defendants' motion to dismiss the action on qualified immunity grounds be denied. (Doc. No. 28.) The findings and recommendations were served on the parties and contained notice that any objections were to be filed within thirty (30) days. (*Id*. at 10.) On October 2, 2018, defendants filed objections. (Doc. No. 29.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, including defendants' objections, the court finds that the findings and recommendations are supported by the record and

1

by proper analysis.

In his complaint, plaintiff alleges that defendants subjected him to excessive noise resulting in sleep deprivation, thus implicating conditions of his confinement, in violation of the Eighth Amendment. (*See* Doc. No. 28 at 3.) In their objections to the findings and recommendations, defendants argue that the magistrate judge erred in denying qualified immunity by defining the right in question in a highly generalized manner. (Doc. No. 29 at 2.) Defendants argue that for the right to be clearly established, plaintiff must "identify a case where a prison official acting under *similar circumstances* as each Defendant was held to have violated the Eighth Amendment." (*Id.* at 3.)

"A government official's conduct violate[s] clearly established law when, at the time of the challenged conduct, '[t]he contours of [a] right [are] sufficiently clear' that every 'reasonable official would have understood that what he is doing violates that right.'" *Ashcroft v. al–Kidd*, 563 U.S. 731, 741 ((2011) (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)). In this regard, "existing precedent must have placed the statutory or constitutional question beyond debate." *Id.*; *see also Clement v. Gomez*, 298 F.3d 898, 906 (9th Cir. 2002) (quoting *Saucier*, 533 U.S. at 202). The inquiry must be undertaken in light of the specific context of the particular case. *Saucier*, 533 U.S. at 201.

As indicated by the findings and recommendations, the Ninth Circuit has concluded that conditions of confinement involving excessive noise that result in sleep deprivation for inmates may violate the Eighth Amendment. *See Jones v. Neven*, 399 F. App'x 203, 205 (9th Cir. 2010) (finding that Eighth Amendment rights to be free from excessive noise was clearly established and therefore, defendants were not entitled to qualified immunity); *Keenan v. Hall*, 83 F.3d 1083, 1090 (9th Cir. 1996), *opinion amended on denial of reh'g*, 135 F.3d 1318 (9th Cir. 1998) (stating that inmates have an Eighth Amendment right to be housed in an environment that is reasonably free of excess noise).

If defendants subjected plaintiff to excessive noise beyond what was necessary for a legitimate penological purpose, it is doubtful in the undersigned's view that they could successfully avail themselves of the shield of qualified immunity. *See Ashcroft v. al-Kidd*, 563

2

U.S. 731, 741 (2011) ("We do not require a case directly on point, but existing precedent must have placed the statutory or constitutional question beyond debate."); *Hope v. Pelzer*, 536 U.S. 730, 741 (2002) ("Officials can still be on notice that their conduct violates established law even in novel factual circumstances."); *Hamby v. Hammond*, 821 F.3d 1085, 1095 (9th Cir. 2016) ("[A] plaintiff need not find a case with identical facts in order to survive a defense of qualified immunity."); *Serrano v. Francis*, 345 F.3d 1071, 1076–77 (9th Cir. 2003).

While it may emerge through the course of these proceedings that one or more of plaintiff's allegations are not supported by the evidence, the allegations of his complaint provide a sufficient basis upon which to deny the invocation of qualified immunity at this early stage of these proceedings. *See Keates v. Koile*, 883 F.3d 1228, 1240 (9th Cir. 2018) ("Our denial of qualified immunity at this stage of the proceedings does not mean that this case must go to trial" because "[o]nce an evidentiary record has been developed through discovery, defendants will be free to move for summary judgment based on qualified immunity.") (quoting *O'Brien v. Welty*, 818 F.3d 920, 936 (9th Cir. 2016)). Defendants' motion to dismiss on qualified immunity grounds is therefore properly denied.

Accordingly,

1. The findings and recommendations issued September 6, 2018, are adopted;
2. Defendants' motion to dismiss the action is denied; and
3. The matter is referred back to the magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated: **December 4, 2018**

_____
UNITED STATES DISTRICT JUDGE