# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EARNEST S. HARRIS,<br><br>        Plaintiff,<br><br>    v.<br><br>SEXON, et al.,<br><br>        Defendants. | Case No.: 1:18-cv-00080-DAD-SAB (PC)<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING TO GRANT DEFENDANTS' MOTION TO STAY THE PROCEEDINGS<br><br>[ECF No. 50] |

Plaintiff Earnest S. Harris is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

On June 14, 2019, Defendants filed a motion to stay the proceedings.

## I.

## BACKGROUND

This action is proceeding against Defendants Sexton, Aquirre, Stewart, Lambert, Gutierrez, L. Cellobos, and I. Ramirez for subjecting Plaintiff to conditions of confinement in violation of the Eighth Amendment.

On July 10, 2018, Defendants filed the instant motion to dismiss the action on the ground that Defendants are entitled to qualified immunity. (ECF No. 19.) Plaintiff filed an opposition on August 10, 2018, and Defendants filed a reply on August 16, 2018. (ECF Nos. 22, 27.) On September 6, 2018, the undersigned issued Findings and Recommendations recommending that Defendants' motion

1

1 | to dismiss be denied.  (ECF No. 28.)  The Findings and Recommendations were adopted in full on December 5, 2018.  (ECF No. 30.)

On December 19, 2018, Defendants filed an answer to the complaint.  (ECF No. 32.)

On December 21, 2018, the Court referred the case to the post-screening Alternative Dispute Resolution and set the case for a settlement conference on March 26, 2019.  (ECF No. 33.) On January 7, 2019, Defendants opted-out of the settlement conference.  (ECF No. 34.)

On January 10, 2019, the Court issued the discovery and scheduling order.  (ECF No. 36.)

On January 28, 2019, Plaintiff filed a motion to amend the complaint to add Defendant P. Vera, Chief Deputy Warden at Corcoran State Prison.  (ECF No. 38.)

On February 22, 2019, the Court granted Plaintiff's motion to amend the complaint and directed the Clerk of Court to file Plaintiff's second amended complaint.  (ECF No. 41.)

On March 27, 2019, Defendants filed a notice of related cases in this case indicating the same factual situation as in Rico v. Beard, et al., No. 2:17-cv-1402 (E.D. Cal.).

On April 23, 2019, Defendant P. Vera filed an answer to the second amended complaint.  (ECF No. 44.)

As previously stated, on June 14, 2019, Defendants filed a motion to stay the proceedings.  (ECF No. 50.)  Plaintiff filed an opposition on June 26, 2019.  (ECF No. 51.)

## II.

## DISCUSSION

Defendants seek to stay this action pending the appeal in Rico v. Beard, et al., No. 19-15541, which is the district court case Rico v. Beard, et al., No. 2:17-cv-1402-KJM-DB (PC) (E.D. Cal), and involves whether Defendants are entitled to qualified immunity on Plaintiff's Eighth Amendment claims concerning Defendants' policy of conducting security welfare checks using the Guard One system.[1]  There, the district court granted qualified immunity as to the high-ranking prison officials, but denied qualified immunity as to the Defendants who reviewed the inmate appeals and the floor

---

[1] This Court has related the following cases to Rico v. Beard, et al., No. 2:17-cv-1402-KJM-DB (E.D. Cal.): Coleman v. Brown, No. S-90-0520 KJM DAD PC (E.D. Cal.); Matthews v. Holland, No. 1:14-cv-01959 KJM-DB (E.D. Cal.); Murillo v. Holland, No. 1:15-cv-0266 KJM DB PC (E.D. Cal.); Lipsey v. Barnes, No. 2:18-cv-0362 KJM-DB (E.D. Cal.); Suarez v. Beard, No. 2:18-cv-00340 KJM DB; and Wilson v. Beard, No. 1:15-cv-01424 KJM DB.

officer Defendants because their conduct arises out of the alleged flawed implementation of the court order.

Plaintiff opposes the request to stay and argues that Defendants are not entitled to qualified immunity.

"The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." Clinton v. Jones, 520 U.S. 681, 706 (1997). This "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254 (1936). In evaluating whether to stay the proceedings, the Court shall consider the potential prejudice to the non-moving party; the hardship or inequity to the moving party if the action is not stayed; and the judicial resources that would be saved by simplifying the issues, proof, and questions of law, or avoiding duplicative litigation if the case before the court is stayed. See CMAX, Inc. v. Hall, 300 F.2d 265, 268 (9th Cir. 1962).

Here, a stay is warranted given the similarity between the qualified-immunity issue pending before the Ninth Circuit in Rico and the issue before the Court in Defendants' prior motion to dismiss. The Court denied the motion as premature given the disputed questions of fact regarding liability under the Eighth Amendment. (ECF No. 30.) There is minimal prejudice to Plaintiff as the temporary stay will only be imposed until the issue is resolved by the Ninth Circuit and Plaintiff fails to demonstrate any specific prejudice. However, Defendants will suffer a hardship by having to proceed with discovery if the Ninth Circuit finds that all Defendants are entitled to qualified immunity. Judicial economy also supports a stay to avoid duplicated effort on the same issues that are on appeal in Rico, as well as avoiding unnecessary litigation costs for discovery and other motions. Accordingly, Defendants' motion to stay the proceedings should be granted.

///

///

///

///

///

## III.

## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that Defendants' motion to stay the proceedings be granted.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with this Findings and Recommendation, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **September 10, 2019**

UNITED STATES MAGISTRATE JUDGE