UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EARNEST S. HARRIS,<br><br>        Plaintiff,<br><br>    v.<br><br>SEXTON, et al.,<br><br>        Defendants. | No. 1:18-cv-0080 KJM DB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff alleges use of the Guard One Security Check system at California State Prison-Corcoran ("CSP-Corcoran") deprived him of sleep in violation of the Eighth Amendment. Currently before the court is plaintiff's second motion for an emergency injunction and his motion to compel.

## BACKGROUND

### I. Allegations of the Second Amended Complaint

Plaintiff is incarcerated at CSP-Corcoran in the security housing unit. He alleges that defendants are responsible for the implementation and use of the Guard One Security Check system there. That system requires officers to touch a metal pipe to a metal box affixed to each cell door in plaintiff's housing unit. Plaintiff alleges this occurs every half hour, all day, every

////

day. As a result of the noise from the metal-on-metal contact, plaintiff claims he has suffered and continues to suffer sleep deprivation.

**II. Procedural History**

Plaintiff initiated this action in early 2018 in the Fresno division of this court. With his initial complaint, plaintiff sought an emergency injunction to modify the Guard One system. The previously-assigned magistrate judge found plaintiff failed to state a cognizable claim for relief and recommended that plaintiff's motion for injunctive relief be denied for plaintiff's failure to show a likelihood of success on the merits of this case. (See ECF No. 9.) The previously-assigned district judge adopted that recommendation. (ECF No. 18.)

Plaintiff then filed a first amended complaint ("FAC"). (ECF No. 12.) The court found plaintiff stated cognizable Eighth Amendment claims and ordered service of the FAC. (ECF No. 14.)

On December 5, 2018, the court denied defendants' motion to dismiss to FAC based on qualified immunity. (ECF No. 30.) Defendants then answered the complaint. (ECF No. 32.) On January 10, 2019, the court issued a Discovery and Scheduling Order. (ECF No. 36.)

On February 22, 2019, the court granted plaintiff's motion to amend the FAC to include one additional defendant. (ECF No. 41.) Plaintiff's second amended complaint ("SAC") is the operative complaint. On April 23, new defendant Vera filed an answer to the SAC. (ECF No. 44.)

On June 14, defendants moved to stay these proceedings pending the resolution of an appeal pending before the Ninth Circuit from an order issued in Rico v. Ducart, 2:17-cv-1402 KJM DB P. (ECF No. 50.) Plaintiff Rico raises similar concerns about the use of the Guard One Security Check system. Defendants in that case filed an appeal of the court's denial of qualified immunity to some defendants. On September 11, the previously-assigned magistrate judge recommended defendants' motion to stay be granted. (ECF No. 52.) Plaintiff filed objections to that recommendation. (ECF No. 53.) The district judge has not yet ruled on those objections.

On October 2, counsel for plaintiff Rico filed a notice of related cases. (ECF No. 54.) Shortly thereafter, Judge Mueller issued an order relating the present case to other cases involving

use of Guard One in the California prisons. This case was then reassigned to Judge Mueller and to the undersigned magistrate judge. (ECF No. 55.)

**MOTION FOR EMERGENCY INJUNCTION**

Plaintiff seeks either a temporary suspension of the Guard One system or an order directing that it be used with less frequency pending the outcome of this case. (ECF No. 57.) Defendants have not filed an opposition to the motion.

**I. Legal Standards**

A party requesting preliminary injunctive relief must show that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, 555 U.S. 7, 20 (2008). The propriety of a request for injunctive relief hinges on a significant threat of irreparable injury that must be imminent in nature. Caribbean Marine Serv. Co. v. Baldrige, 844 F.2d 668, 674 (9th Cir. 1988).

Alternatively, under the so-called sliding scale approach, as long as the plaintiff demonstrates the requisite likelihood of irreparable harm and can show that an injunction is in the public interest, a preliminary injunction may issue so long as serious questions going to the merits of the case are raised and the balance of hardships tips sharply in plaintiff's favor. Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131-36 (9th Cir. 2011) (concluding that the "serious questions" version of the sliding scale test for preliminary injunctions remains viable after Winter).

The principal purpose of preliminary injunctive relief is to preserve the court's power to render a meaningful decision after a trial on the merits. See 9 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2947 (3d ed. 2014). Implicit in this required showing is that the relief awarded is only temporary and there will be a full hearing on the merits of the claims raised in the injunction when the action is brought to trial. Preliminary injunctive relief is not appropriate until the court finds that the plaintiff's complaint presents cognizable claims. See Zepeda v. United States Immigration Serv., 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court

////

3

1 | may issue an injunction if it has personal jurisdiction over the parties and subject matter
2 | jurisdiction over the claims . . . .").

In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2). Further, an injunction against individuals not parties to an action is strongly disfavored. See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 110 (1969) ("It is elementary that one is not bound by a judgment . . . resulting from litigation in which he is not designated as a party . . . .").[1]

## II. Discussion

Plaintiff seeks an order directing officials at Corcoran to change the way they use the Guard One system. Plaintiff argues that either the system should be suspended during the pendency of his case or that it should be used less frequently. However, as plaintiff recognizes, the use of Guard One is the result of an order issued in Coleman v. Newsom, 2:90-cv-0520 KJM DB P, a class action regarding mental health care in the California prisons. In Coleman, the court directed that the California prisons use the Guard One system in all administrative segregation units and all security housing units, every thirty minutes, as a suicide prevention measure. Coleman, 2:90-cv-0520 KJM DB P (Order issued Feb. 3, 2015 (ECF No. 5271).)

Judge Mueller held in Rico that the Coleman order is facially valid and, therefore, defendants are entitled to qualified immunity for their actions in carrying out that order to

////

////

---

[1] However, the fact that injunctive relief is sought from one not a party to litigation does not automatically preclude the court from acting. The All Writs Act, 28 U.S.C. § 1651(a) permits the court to issue writs "necessary or appropriate in aid of their jurisdictions and agreeable to the usages and principles of law." The All Writs Act is meant to aid the court in the exercise and preservation of its jurisdiction. Plum Creek Lumber Co. v. Hutton, 608 F.2d 1283, 1289 (9th Cir. 1979). The United States Supreme Court has authorized the use of the All Writs Act in appropriate circumstances against persons or entities not a party to the underlying litigation. United States v. New York Telephone Co., 434 U.S. 159, 174 (1977).

institute the Guard One system.[2] Rico, 2:17-cv-1402 KJM DB P (Order issued Mar. 5, 2019 (ECF No. 102) at 3.) Thus, to the extent plaintiff is challenging the Coleman order's requirement that the Guard One system be used and that it be used every 30 minutes, plaintiff cannot establish that he is likely to be successful on that claim. It follows, then, that the court may not issue an order either suspending use of the Guard One system or changing the frequency of its use. Those changes can only be made through the Coleman case.

Because plaintiff cannot establish a likelihood of success on the merits of his claims at issue in his motion for an emergency injunction, this court will recommend plaintiff's motion be denied.

### MOTION TO COMPEL

Plaintiff states that on August 27, 2019, he served defendants with a second "motion" for discovery, but they have not responded. Plaintiff moves to compel them to do so. (ECF No. 57 at 10-13.)

As described above, the previously-assigned magistrate judge recommended this case be stayed pending the Ninth Circuit's resolution of the qualified immunity issues raised in the Rico case. (See ECF No. 52.) The magistrate judge noted that the qualified immunity issues in Rico and in the present case are similar and, therefore, a stay was appropriate to avoid unnecessary litigation costs for discovery and other proceedings. (Id. at 3.) Based on this recommendation, this court finds it unnecessary to address plaintiff's motion to compel at this time. The Ninth Circuit's Rico decision may affect the qualified immunity determination in this case and could change the viability of some or all of plaintiff's claims.

This court will deny plaintiff's motion without prejudice. If Judge Mueller determines that a stay of this case is not appropriate, then plaintiff may renew his motion. Similarly, if this case is stayed, plaintiff may renew a motion to compel when the stay is lifted.

////

---

[2] Judge Mueller further held that qualified immunity does not protect defendants from claims that the Guard One system is being mis-used in a way that causes excessive and unnecessary noise. Rico, 2:17-cv-1402 KJM DB P (Order issued Mar. 5, 2019 (ECF No. 102) at 4-8.) This is the qualified immunity issue before the Ninth Circuit in Rico.

5

Accordingly, and good cause appearing, IT IS HEREBY ORDERED that plaintiff's motion to compel (ECF No. 57) is denied without prejudice; and

IT IS RECOMMENDED that plaintiff's motion for an emergency injunction (ECF No. 57) be denied.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, either party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: December 11, 2019

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DLB1/prisoner-civil rights/harr0080.tro fr

6