UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EARNEST S. HARRIS,<br><br>            Plaintiff,<br><br>    v.<br><br>SEXTON, et al.,<br><br>            Defendant. | No. 1:18-cv-0080 KJM DB P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff alleges use of the Guard One Security Check system at California State Prison-Corcoran ("CSP-Corcoran") deprived him of sleep in violation of the Eighth Amendment. Before the court is plaintiff's motion for a temporary restraining order. (ECF No. 60.) For the reasons set forth below, this court will recommend plaintiff's motion be denied.

**BACKGROUND**

This case is proceeding on plaintiff's second amended complaint filed February 22, 2019. Plaintiff alleges defendants are responsible for the implementation and use of the Guard One Security Check system in the security housing unit at CSP-Corcoran. That system requires officers to touch a metal pipe to a metal box affixed to each cell door in plaintiff's housing unit.

////

1

Plaintiff alleges this occurs every half hour, all day, every day.  As a result of the noise from the metal-on-metal contact, plaintiff claims he has suffered and continues to suffer sleep deprivation.

On June 14, 2019, defendants moved to stay these proceedings pending the resolution of an appeal pending before the Ninth Circuit from an order issued in Rico v. Ducart, 2:17-cv-1402 KJM DB P.  (ECF No. 50.)  Plaintiff Rico raises similar concerns about the use of the Guard One Security Check system.  Defendants in that case filed an appeal of the court's denial of qualified immunity to some defendants.  On September 11, 2019, the previously-assigned magistrate judge recommended defendants' motion to stay be granted.  (ECF No. 52.)  Plaintiff filed objections to that recommendation.  (ECF No. 53.)

In November 2019, plaintiff sought a preliminary injunction preventing or modifying the use of Guard One at CSP-Corcoran.  (ECF No. 57.)  In December, this court recommended plaintiff's motion be denied.  (ECF No. 58.)  Plaintiff filed objections to that recommendation. (ECF No. 59.)

**MOTION FOR TEMPORARY RESTRAINING ORDER**

Plaintiff seeks an order preventing a psychiatric technician, C. Flores, from coming within fifty feet of him.  Plaintiff contends he filed a prison grievance complaining that C. Flores is violating the Prison Rape Elimination Act ("PREA") by refusing to announce her presence when she conducts security checks in plaintiff's housing unit.  In retaliation for the grievance, C. Flores has threatened plaintiff and is conducting security checks much more loudly than necessary by "bamming" the Guard One metal pipe against plaintiff's cell door.  That noise is causing plaintiff migraine headaches and distress.

**I.  Legal Standards**

A party requesting preliminary injunctive relief must show that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  Winter v. Natural Res. Def. Council, 555 U.S. 7, 20 (2008).  The propriety of a request for injunctive relief hinges on a significant threat of irreparable injury that must be imminent in nature.  Caribbean Marine Serv. Co. v. Baldrige, 844 F.2d 668, 674 (9th Cir. 1988).

      Alternatively, under the so-called sliding scale approach, as long as the plaintiff demonstrates the requisite likelihood of irreparable harm and can show that an injunction is in the public interest, a preliminary injunction may issue so long as serious questions going to the merits of the case are raised and the balance of hardships tips sharply in plaintiff's favor. Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131-36 (9th Cir. 2011) (concluding that the "serious questions" version of the sliding scale test for preliminary injunctions remains viable after Winter).

      The principal purpose of preliminary injunctive relief is to preserve the court's power to render a meaningful decision after a trial on the merits. See 9 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2947 (3d ed. 2014). Implicit in this required showing is that the relief awarded is only temporary and there will be a full hearing on the merits of the claims raised in the injunction when the action is brought to trial. Preliminary injunctive relief is not appropriate until the court finds that the plaintiff's complaint presents cognizable claims. See Zepeda v. United States Immigration Serv., 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claims . . . .").

      In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2). Further, an injunction against individuals not parties to an action is strongly disfavored. See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 110 (1969) ("It is elementary that one is not bound by a judgment . . . resulting from litigation in which he is not designated as a party . . . .").

**II. Analysis**

      In the present case, plaintiff is seeking a temporary restraining order against a person who is not a party to this case based on allegations of a constitutional claim that he has not raised herein. Therefore, this court lacks jurisdiction to issue the injunction plaintiff seeks.

////

Plaintiff appears to recognize that he must exhaust his grievances and, if they are unsuccessful, file a new action under 42 U.S.C. § 1983 regarding the alleged retaliation by C. Flores.  That is the appropriate course.

Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's motion for a temporary restraining order (ECF No. 60) be denied.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within thirty days after being served with these findings and recommendations, either party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  August 11, 2020

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DLB1/prisoner-civil rights/harr0080.tro fr(2)

4