UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EARNEST S. HARRIS, | No.  1:18-cv-0080 KJM DB P |
| Plaintiff, | |
| v. | ORDER |
| SEXTON, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983.  Plaintiff challenges the operation of the Guard One Security Check system, implemented in specific units in California's prisons as a suicide prevention measure, claiming defendants' use of the Guard One system has caused him to suffer sleep deprivation in violation of his rights under the Eighth Amendment.

Defendants moved to stay these proceedings pending the resolution of an appeal pending before the Ninth Circuit from an order issued in *Rico v. Ducart*, 2:17-cv-1402 KJM DB P, which also involves a challenge to the use of Guard One.  In *Rico*, defendants have appealed the court's denial of qualified immunity to some defendants.

On November 20, 2020, the Ninth Circuit reversed the district court's order denying qualified immunity on Rico's Eighth Amendment claim and remanded the case for entry of an order of dismissal granting qualified immunity as to all remaining defendants.  *See Rico v. Ducart*, 980 F.3d 1292 (9th Cir. 2020).  On January 8, 2021, plaintiff-appellee petitioned the

Circuit for rehearing en banc. On March 2, 2021, the Circuit granted defendants-appellants' second motion for an extension of time to file a response to plaintiff-appellee's motion for rehearing en banc. Defendants-appellants' new deadline to file a response is April 7, 2021.

This court has inherent authority to stay proceedings in pending cases as part of its inherent authority "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). To determine the propriety of a stay, the court must "weigh competing interests and maintain an even balance." *Id*. at 255. Here, the majority panel opinion in *Rico v. Beard*, if it becomes final, would require the court to grant qualified immunity to all defendants in this action and dismiss the case. *See Rico v. Ducart*, No. 19-15541, slip op. at 4-21. On the other hand, the dissenting opinion suggests the possibility of an alternative disposition that could require this court to permit plaintiff to proceed further with his claim against at least one or more of the named defendants. *See id*. slip op. at 22-32. For this reason, disposition of Rico's motion for rehearing en banc will have a material impact on the final resolution of this action. Accordingly, in the interests of judicial economy and the fair administration of justice, this action will be stayed pending resolution of the plaintiff-appellee's motion for rehearing en banc in *Rico v. Ducart*, No. 19-15541. The court will entertain a request to stay these proceedings further if Rico's motion for rehearing en banc is granted.

Accordingly, IT IS HEREBY ORDERED that:

(1) This action is stayed pending resolution of the motion for rehearing en banc in *Rico v. Ducart*, No. 19-15541;

(2) The Clerk of the Court is directed to administratively close this case;

(3) Either party may file, as appropriate, a motion to reopen this action, to dismiss this action, or to extend the stay within thirty days of the resolution of motion for rehearing en banc *Rico v. Beard*; and

(4) This action will remain stayed unless a timely motion is filed in accordance with this order.

DATED: March 31, 2021.

CHIEF UNITED STATES DISTRICT JUDGE