1

2

3

4

5

6

7

8                             UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11     EARNEST S. HARRIS,                              No.  1:18-cv-0080 KJM DB P

12                     Plaintiff,

13            v.                                        ORDER AND FINDINGS AND
                                                        RECOMMENDATIONS
14     SEXTON, et al.,

15                     Defendants.

16

17            Plaintiff is a state prisoner proceeding pro se with a civil rights action under 42 U.S.C.

18     §1983.  Plaintiff alleges defendants' use of the Guard One welfare check system ("Guard One")

19     violated his rights under the Eighth Amendment.  Before the court are:  (1) plaintiff's February

20     18, 2021 motion to amend the second amended complaint; (2) plaintiff's motion for an extension

21     of time to file a reply brief; (3) plaintiff's motion for an "instant" ruling on his motion to amend;

22     (4) plaintiff's motion to intervene in Coleman v. Newsom; (5) defendants' motion to strike the

23     amended complaint filed December 27, 2021; and (6) defendant's motion to vacate the deadline

24     for filing dispositive motions.  For the reasons set forth below, this court will grant plaintiff's

25     motion for an extension of time to file a reply brief, deny plaintiff's motion for an instant ruling,

26     deny without prejudice plaintiff's motion to intervene, and deny as moot defendants' motion to

27     vacate.  In addition, this court will recommend plaintiff's motion to amend the complaint be

28     granted in part and denied in part, defendants' motion to strike be granted, and defendant Sexton,

                                                    1

1    who is deceased, be dismissed from this action because plaintiff has not moved to substitute a

2    legal representative.  After Chief District Judge Mueller rules on the motions to amend and strike,

3    this court will set a schedule for further proceedings.

4                                    **RELEVANT BACKGROUND**

5              This case is proceeding on plaintiff's second amended complaint ("SAC") filed February

6    22, 2019.  (ECF No. 42.)  Plaintiff seeks relief from defendants Warden Sexton, former Deputy

7    Warden Vera, and Correctional Officers Aguirre, Stewart, Lambert, Gutierrez, L. Cellobos, and I.

8    Ramirez.  He alleges that between 2015 and 2018, defendants were responsible for the use of

9    Guard One[1] in a way that caused excessive noise, which prevented him from sleeping and caused

10   him anxiety, among other things.

11             On February 18, 2021, plaintiff filed the present motion to amend the SAC.  (ECF No.

12   66.)  Defendants filed an opposition (ECF No. 69) and plaintiff filed a reply (ECF No. 72).

13   Plaintiff also filed a motion for an extension of time to file a reply brief.  (ECF No. 71.)

14             On March 31, 2021, Chief District Judge Mueller stayed this action pending the Ninth

15   Circuit Court of Appeals' resolution of the motion for rehearing en banc in related case Rico v.

16   Ducart, No. 19-15541 (9th Cir.); No. 2:17-cv-1402 KJM DB P (E.D. Cal.).  The Ninth Circuit

17   denied the motion for rehearing en banc and on May 6, 2021 issued the mandate for the panel's

18   decision.  See Rico v. Ducart, 980 F.3d 1292 (9th Cir. 2020).[2]

19   ////

20   _____

21   [1] The use of Guard One is the result of an order issued in related case Coleman v. Newsom, 2:90-
     cv-0520 KJM DB, a class action regarding mental health care in the California prisons.  In the
22   order, issued February 3, 2015, the court directed the California prisons to use Guard One in all
     administrative segregation units and all security housing units as a suicide prevention measure.
23   The Guard One system is intended to track officers' compliance with the regular welfare checks.
     It requires officers to strike a metal plate on each cell door with a metal pipe.  The metal pipe has
24   an electronic sensor that records each such contact.

25   [2] The plaintiff in Rico also challenges the use of Guard One.  The Ninth Circuit panel held that
     both the supervisory defendants and the correctional officer defendants in that case were entitled
26   to qualified immunity based on the Coleman order requiring use of Guard One.  The Circuit
     remanded the case to the district court for an order of dismissal.  On October 15, 2021, Chief
27   District Judge Mueller dismissed the case.  Plaintiff Rico appealed.  That appeal (Ninth Circuit
28   No. 21-16880) is pending.

1   On October 5, 2021, Chief District Judge Mueller granted defendants' motion to lift the

2   stay.  (ECF No. 74.)  She then granted defendants' motion for a new scheduling order and

3   referred to the undersigned plaintiff's motion to amend the SAC, plaintiff's motion for an

4   extension of time to file a reply brief, issuance of a scheduling order, and further pretrial

5   proceedings.  (ECF No. 84.)  Since then, both parties have filed motions.  Plaintiff filed a motion

6   for an "instant" ruling on the motion to amend, a motion to intervene in the Coleman class action,

7   and an amended complaint.  (ECF Nos. 83, 85, 86.)  Defendants filed a motion to strike the

8   amended complaint and a motion to extend the deadline for filing dispositive motions.  (ECF Nos.

9   87, 89.)  This court addresses all pending motions herein.

10                                     **MOTION TO AMEND**

11   **I.  Parties' Positions**

12   In his motion to amend the SAC, plaintiff seeks to add a new defendant – psychiatric

13   technician L. Flores.  Plaintiff alleges that in 2020 Flores: (1) violated his Eighth Amendment

14   rights when she purposely conducted the Guard One checks in an unnecessarily loud manner; (2)

15   violated his First Amendment rights when she conducted those checks loudly in retaliation for a

16   grievance plaintiff filed against her; and (3) violated his rights under the Prison Rape Elimination

17   Act ("PREA") because she failed to announce her entry into plaintiff's cell block and watched

18   prisoners in the bathroom.  Plaintiff further alleges that the California Department of Corrections

19   and Rehabilitation ("CDCR") violated Chief District Judge Mueller's order in Coleman by

20   allowing psychiatric technicians, rather than custody staff, to conduct the Guard One checks.

21   Defendants oppose plaintiff's motion.  They argue plaintiff's claims against Flores are not

22   sufficiently related to plaintiff's Eighth Amendment claims in the SAC.  In reply, plaintiff makes

23   clear that he is raising an Eighth Amendment claim against Flores in addition to the First

24   Amendment retaliation claim.[3]  Plaintiff also appears to seek to add new allegations that the court

25   in Coleman improperly ordered the use of Guard One for inmates who are not in the Coleman

26   class.

27

28   _____

[3] Because this court will grant plaintiff's motion for an extension of time to file a reply brief, this court considers that brief here.

3

## II.  Legal Standards

With respect to plaintiff's motion to add claims against Flores, he is seeking to supplement, rather than amend, his complaint.  An amended complaint amends the original claims, while a supplemental complaint adds new claims.  Amended pleadings relate to matters that occurred prior to the filing of the original pleading.  Supplemental pleadings deal with events subsequent to the present pleading.  4 Wright, Miller & Kane, Federal Practice & Procedure, § 1504 (3d ed.).  Federal Rule of Civil Procedure 15(d) allows a party to supplement his pleading to set forth transactions or events that have happened since the date of the original pleading.

 "While leave to permit supplemental pleading is 'favored,' it cannot be used to introduce a 'separate, distinct and new cause of action.'"  Planned Parenthood of S. Ariz. v. Neely, 130 F.3d 400, 402 (9th Cir. 1997).  The goal of Rule 15(d) is to promote judicial efficiency.  A motion to supplement may be denied if granting the motion would, in effect, result in two separate actions within the same case.  Id.  "When deciding whether or not to permit leave, factors to be considered include undue delay, bad faith or dilatory motive on the part of the movant, undue prejudice to the opposing party, and futility.  See Johnson v. Buckley, 356 F.3d 1067, 1077 (9th Cir. 2004); Chodos v. West Pub'g Co., 292 F.3d 992, 1003 (9th Cir. 2002).  Futility alone can justify denial of a motion to supplement.  See Bonin v. Calderon, 59 F.3d 815, 845-46 (9th Cir. 1995).

The Ninth Circuit differentiates between pleadings attempting to amend claims and those seeking to amend parties.  Rule 15 is construed less liberally when new parties are proposed. Union Pacific R. Co. v. Nevada Power Co., 950 F.2d 1429, 1432 (9th Cir. 1991) ("Amendments seeking to add claims are to be granted more freely than amendments adding parties."  (citing Martell v. Trilogy Ltd., 872 F.2d 322, 324 (9th Cir. 1989)).  In evaluating a proposed amendment to add parties, a court also considers the requirements of Rule 20 of the Federal Rules of Civil Procedure.  See Desert Empire Bank v. Insurance Co. of N. America, 623 F.2d 1371, 1374 (9th Cir. 1980) (a plaintiff's petition to amend their pleadings to add a defendant brings into consideration Rules 15 and 20); Denham v. Aranda, No. 09-cv-1505, 2012 WL 3561988, *3 (S.D. Cal. Aug. 17, 2012) (denying plaintiff leave to amend to add claims and parties because adding

1   the claims would violate Rule 20); <u>Travelers Cas. and Sur. Co. of America v. Dunmore</u>, No. CIV

2   S-07-2493 LKK/DAD, 2010 WL 2546070 (E.D. Cal. June 23, 2010) (analyzing a motion to

3   amend a complaint to add new parties under both Rule 15 and Rule 20).

4        Rule 20(a) provides, in relevant part:

5   
6
> Persons ... may be joined in one action as defendants if: (A) any right
> to relief is asserted against them jointly, severally, or in the
> alternative with respect to or arising out of the same transaction,
> occurrence, or series of transactions or occurrences; and (B) any
> question of law or fact common to all defendants will arise in the
> action.

7
8

9        Rule 20(a) thus imposes two requirements for permissive joinder: "(1) a right to relief

10   must be asserted against each defendant relating to or arising out of the same transaction or

11   occurrence or series of transactions or occurrences, and (2) some question of law or fact common

12   to all parties must arise in the action." <u>Coleman v. Quaker Oats Co.</u>, 232 F.3d 1271, 1296 (9th

13   Cir. 2000); 7 Wright, Miller & Kane, <u>Federal Practice and Procedure</u>, § 1653 (3d ed.) (Rule 20(a)

14   "imposes two specific requisites to the joinder of parties.... Both of these requirements must be

15   satisfied in order to sustain party joinder under Rule 20(a).").

16        If these threshold requirements are met, the court must then consider other relevant factors

17   to determine whether joinder comports with principles of fundamental fairness.  These factors are

18   similar to those for Rule 15 - possible prejudice to a party and the motive of the party seeking

19   joinder.  <u>See</u> <u>Coleman</u>, 232 F.3d at 1296 ("[A] district court must examine whether permissive

20   joinder would 'comport with the principles of fundamental fairness' or would result in prejudice

21   to either side."); <u>see also</u> <u>Desert Empire Bank</u>, 623 F.2d at 1375 ("[W]hen making a decision

22   whether to allow the permissive joinder of a party, a court should consider such factors as the

23   possible prejudice that may result to any of the parties in the litigation, ... the motive [of] the

24   moving party ..., [and] the closeness of the relationship between the new and the old parties...").

25   **III.  Analysis**

26        **A.  New Eighth Amendment Claim**

27        Initially, this court finds that plaintiff's allegations regarding Flores' use of Guard One

28   state an Eighth Amendment claim cognizable in this § 1983 action.  <u>See</u> 28 U.S.C. § 1915A (The

1   court is required to screen complaints brought by prisoners under § 1983 and dismiss those claims

2   that fail to state a claim upon which relief may be granted.)  The next question, then, is whether

3   that claim may be added to this action.

4       The parties dispute whether the claim is sufficiently similar to the Eighth Amendment

5   claims raised in the SAC.  Defendants argue the claims do not overlap.  However, an examination

6   of plaintiff's current claims and proposed claim against Flores reveals sufficient similarities that it

7   would be most efficient, for both the parties and the court, to resolve the Eighth Amendment

8   claims in the same action.

9       To prove defendants were responsible for conditions of confinement that violated

10   plaintiff's Eighth Amendment rights, plaintiff must show two things.  First, he must show that

11   defendants deprived him of a "minimal civilized measure of life's necessities."  This is the

12   objective prong of the Eighth Amendment analysis.  Second, he must show that each defendant

13   subjectively knew of, and deliberately ignored, the excessive risk to plaintiff's health.  See

14   Grenning v. Miller–Stout, 739 F.3d 1235, 1238-39 (9th Cir. 2014).

15       Plaintiff claims defendant Flores violated his Eighth Amendment rights when conducting

16   Guard One checks because she used the baton to strike the metal disk on his door with

17   unnecessary force, creating a loud "bamming" that caused plaintiff anxiety and sleeplessness,

18   among other things.  Plaintiff contends Flores did so knowing that it would cause plaintiff harm

19   and was motivated by retaliation for plaintiff's grievance against her.

20       In his SAC, plaintiff alleges that each of the correctional officer defendants also struck the

21   metal disk on his door with unnecessary force.  He claims they did so knowing it would cause

22   plaintiff harm and were motivated by the hope that inmates would complain about the use of

23   Guard One and the welfare check system would be discontinued.

24       Defendants point to several differences between the allegations against the current

25   defendants and the allegations against Flores:  (1) plaintiff alleges the current defendants

26   unnecessarily struck the doors of all inmates in the segregation and security housing units while

27   he alleges Flores struck only his door; (2) plaintiff alleges the reason the current defendants struck

28   plaintiff's door differs from the reason Flores did; and (3) current defendants are correctional

1  officers and Flores is a psychiatric technician.  What defendants do not explain is how these

2  differences relate to the Eighth Amendment analysis.

3        The objective prong of the Eighth Amendment test requires plaintiff to prove that striking

4  the cell doors with unnecessary force causes sleep deprivation and that the right to sleep is a "life

5  necessity" under the Eighth Amendment.  This legal analysis will be the same for plaintiff's

6  claims against the current defendants and Flores.

7        The subjective prong of the test requires plaintiff to prove that each defendant knew

8  striking his door with unnecessary force would cause plaintiff sleep deprivation and that they did

9  so deliberately despite that knowledge.  Whether officers intended to cause harm to all inmates or

10  just to plaintiff is not relevant to the Eighth Amendment analysis.  If the current defendants

11  intended to strike every inmate's cell door with unnecessary force, then they necessarily intended

12  to strike plaintiff's door with unnecessary force.  Moreover, plaintiff alleges the current

13  defendants and Flores all knew, and disregarded, the risk to plaintiff from their use of Guard One.

14  He contends that despite the fact he told each one that their use of Guard One was causing him

15  harm, they all continued to strike his door with unnecessary force.

16        This court recognizes that plaintiff alleges different motivations – the current defendants

17  sought to cause the prison to discontinue use of Guard One while Flores sought to retaliate

18  against plaintiff.  However, the Eighth Amendment test asks only whether a defendant knew of,

19  and was deliberately indifferent to, the harm to plaintiff.  Whether defendants inflicted that harm

20  for different reasons may be related to, but is certainly not determinative of, that question.

21  Defendants fail to show otherwise.

22        Finally, defendants' allegation that "it is likely" the rules governing the execution of the

23  Guard One system by custody staff differ from rules for psychiatric technicians is simply an

24  unsupported stab at finding a distinction.  Even if defendants could show those rules are different,

25  they do not explain how that difference would affect the Eighth Amendment analysis.

26        For these reasons, this court finds plaintiff's Eighth Amendment claim against Flores

27  satisfies the Rule 15(d) test because it is sufficiently related to plaintiff's existing Eighth

28  ////

7

Amendment claims against the correctional officer defendants. The addition of plaintiff's Eighth

Amendment claim against Flores would not amount to a separate cause of action.

This court must next look to Rule 20(a). The first question under Rule 20(a) is whether

plaintiff's new claim arises out of the same transaction or occurrence or the same series of

transactions or occurrences as his existing claims. That standard "refers to similarity in the

factual background of a claim." Coughlin v. Rogers, 130 F.3d 1348, 1350 (9th Cir. 1997). As

described above, the factual background of each of plaintiff's claims against the correctional

officer defendants and Flores is similar. Plaintiff alleges that over a period of time, defendants

caused unnecessary noise when using Guard One with deliberate indifference to the harm it

caused him. Plaintiff's existing claims do not arise out of one time period. Rather, plaintiff

alleges a series of misconduct. He challenges excessive noise made by defendants Aguirre and

Stewart in 2015 and 2016; by defendants Lambert and Gutierrez in 2017; and by defendants

Caballos, Ramirez, and Wright in 2018. Plaintiff's allegation that Flores also made excessive

noise using Guard One in 2020 is simply the last in this series of related claims.

Of course, the claims against Flores will involve some separate issues. But that is already

the case with the existing defendants. Plaintiff will be required to prove that each of the current

defendants, individually, intended to cause plaintiff harm and that each used unnecessary force

when they struck plaintiff's door with the Guard One baton. The fact that plaintiff will be

required to prove the same for Flores does not insert an issue so separate that it should be raised

in a new case.

The second question under Rule 20(a) is whether the existing and new claims share

questions of law or fact. As discussed above, this requirement is met. To prove each of the

Eighth Amendment claims, plaintiff must establish that striking his cell door with unnecessary

force causing sleep deprivation denied plaintiff a life necessity under the Eighth Amendment.

Finally, both Rule 15(d) and Rule 20(a) require the court to consider whether defendants

will be prejudiced by the addition of the Eighth Amendment claim against Flores and plaintiff's

motive in seeking to add it. Defendants do not argue that plaintiff has an improper motive in

seeking to add Flores. Rather, defendants argue generally that they will be prejudiced because the

8

case will be delayed and will cause them additional expense and time.  The only specific additional work they point to is responding to the third amended complaint, which they describe as 112 pages long.

Defendants' latter point is not well taken.  Defendants state several times that reviewing plaintiff's amended complaint will be excessively time-consuming because of its length.  However, defendants' description of plaintiff's amended complaint is misleading.  Plaintiff's filing is a total of 116 pages.  The first four pages are his motion to amend (ECF No. 66 at 1-4) and the next seventeen pages (id. at 5-21) are his proposed third amended complaint.  The remainder of his filing consists of duplicate copies of those two documents (id. at 25-45) and exhibits, which appear to primarily be copies of grievances and some of those are duplicate copies.  The only document to which defendants will be required to directly respond is the seventeen-page third amended complaint.  That will not require work that is unduly prejudicial to defendants.

With respect to defendants' other assertions of prejudice, they do not explain how any delay will prejudice them.  Nor do they explain just what sort of additional expenses they will incur if Flores is added to this case rather than if plaintiff files a new suit.

As stated above, given the significant shared issues in the Eighth Amendment claims, it will be most efficient for everyone to include Flores in this action.  That is particularly true because this case has not progressed to consideration of the merits of plaintiff's claims.  The court issued a Discovery and Scheduling Order that set a deadline of November 21, 2019 for filing dispositive motions.  (ECF No. 36.)  However, on October 11, 2019, when Chief Judge Mueller related this case to other Guard One cases, she vacated all pending deadlines in each case.  (ECF No. 55.)  Therefore, the substantive motion deadline was lifted.  While defendants have indicated they intend to file a summary judgment motion (see ECF No. 89), they have not yet done so.

This court will recommend that plaintiff's motion to supplement his SAC with an Eighth Amendment claim against Flores be granted.

This court next considers plaintiff's other proposed claims.  He raises claims that Flores retaliated against him in violation of the First Amendment, that she violated the PREA when she

9

1  entered plaintiff's cell area without announcing her presence.  Plaintiff also alleges that <u>Coleman</u>

2  does not permit use of Guard One on the cell doors of inmates who are not in the mental health

3  programs, and that the use of psychiatric technicians such as Flores to conduct Guard One checks

4  violates <u>Coleman</u>.

5        As a general rule, a plaintiff may join "as many claims as it has against an opposing

6  party." Fed. R. Civ. P. 18(a).  Once a court determines that a defendant is properly joined under

7  Rule 20(a), this court considers whether the plaintiff may add multiple claims against that party.

8  <u>See</u> <u>Leslie v. Madrigal</u>, No. 1:16-cv-1698 AWI SKO PC, 2019 WL 1749134, at *3 (E.D. Cal.

9  Apr. 19, 2019).  To do so, this court considers whether the other claims plaintiff seeks to raise in

10  his third amended complaint are cognizable in this § 1983 case.  <u>See</u> 28 U.S.C. § 1915A (The

11  court is required to screen complaints brought by prisoners under § 1983 and dismiss those claims

12  that fail to state a claim upon which relief may be granted.); <u>cf.</u>, <u>Leadsinger, Inc. v. BMG Music</u>

13  <u>Pub.</u>, 512 F.3d 522, 532 (9th Cir. 2008) (leave to amend may be denied when amendment would

14  be futile because the plaintiff cannot state a claim).

15  **B. First Amendment Claim**

16        To state a claim for retaliation, plaintiff must allege facts showing that Flores took an

17  adverse action against him because he exercised conduct protected by the First Amendment, that

18  she did so to discourage plaintiff from filing additional grievances, and that the action did not

19  reasonably advance a legitimate correctional goal.  <u>See</u> <u>Rhodes v. Robinson</u>, 408 F.3d 559, 567-

20  68 (9th Cir. 2005).  Plaintiff alleges that he filed a grievance complaining that Flores was

21  violating the PREA.  In retaliation for filing that grievance, Flores used the Guard One system

22  with more force than necessary to cause plaintiff harm.  These allegations are sufficient to state a

23  First Amendment claim.

24  ////

25  ////

26  ////

27

28

1    **C.  Other Claims[4]**

2        Plaintiff's remaining three potential claims are not cognizable here.  With respect to

3    plaintiff's claims that orders issued in Coleman do not permit psychiatric technicians to use

4        `Guard One and do not permit its use on inmates who are not in the mental health system,

5    plaintiff fails to explain how these supposed conflicts with Coleman amount to a violation of his

6    constitutional rights.  The violation of a court order does not, without more, state a claim under

7    §1983.

8        With respect to plaintiff's claim that Flores violated his rights under the PREA, plaintiff's

9    allegations do not state a claim actionable under 42 U.S.C. § 1983.  "In order to seek redress

10   through § 1983, ... a plaintiff must assert the violation of a federal *right*, not merely a violation of

11   federal *law*."  Blessing v. Freestone, 520 U.S. 329, 340 (1997) (emphasis in original; citation

12   omitted).  The PREA, 42 U.S.C. §§ 15601-15609, "authorizes the reporting of incidents of rape in

13   prison, allocation of grants, and creation of a study commission," but there is nothing in the

14   PREA to indicate that it created a private right of action, enforceable under § 1983 or otherwise.

15   See Porter v. Jennings, No. 1:10-cv-01811-AWI-DLB PC, 2012 WL 1434986, at *1 (E.D. Cal.

16   Apr. 25, 2012) (collecting cases).  Since the Act itself contains no private right of action, it does

17   not create a right enforceable under § 1983.  Plaintiff's allegations of a violation of the PREA fail

18   to state a claim for relief.

19       Because neither violations of orders in Coleman nor violations of the PREA are claims

20   cognizable in this § 1983 action, this court will recommend they be dismissed.

21                    **MOTION TO INTERVENE**

22       Plaintiff seeks to intervene in Coleman v. Newsom.  He explains that he should be

23   permitted to do so because the Guard One order issued in Coleman affects him even though he is

24   not a member of the Coleman class.  Rule 24 of the Federal Rules of Civil Procedure governs

25   motions for intervention.  Any such motion must be filed in the case in which plaintiff seeks to

26   ────────────────

27   [4]  To the extent this court must re-screen plaintiff's claims against the existing defendants, those
     Eighth Amendment claims appear to be the same as plaintiff's existing claims against those
     defendants.  This court has already found those Eighth Amendment claims cognizable.  Any new
28   claims plaintiff alleges are addressed herein.

                                    11

1    intervene.  7C Wright, Miller & Kane, Federal Practice and Procedure, § 1913 (3d ed.).

2            Accordingly, plaintiff's motion to intervene will be denied without prejudice to its re-

3    filing in Coleman v. Newsom, 2:90-cv-0520 KJM DB P.

4                                        **MOTION TO STRIKE**

5            On December 27, 2021, plaintiff filed an "amended complaint."  Plaintiff's allegations

6    appear to be the same against the current defendants and defendant Flores as those raised in the

7    third amended complaint.  In the December 27 amended complaint, plaintiff adds two new

8    defendants:  Associate Warden T. Perez and M.D. Steiner, Director, Division of Adult

9    Institutions.  It appears that plaintiff is attempting to address the notice filed by defendants that

10   defendant Sexton died during the pendency of this action.  Plaintiff states that instead of naming

11   Sexton's estate as a defendant herein, he is "willing" to amend the complaint to add defendant

12   Steiner.  Plaintiff alleges that in 2014 Steiner signed a directive requiring the prisons to

13   implement Guard One in the security housing units and administrative segregation units.  Plaintiff

14   claims Steiner's actions violated the order in Coleman limiting Guard One to inmates in the

15   mental health programs and violated the Equal Protection Clause.

16           Plaintiff then states that if this court feels Steiner did not have adequate notice of

17   plaintiff's claim against him, then plaintiff wishes to add defendant Perez.  Plaintiff states that

18   Perez reviewed his grievances regarding Guard One and failed to instruct officers to use Guard

19   One more quietly.

20           Defendants seek to strike plaintiff's December 27, 2021 amended complaint based on

21   plaintiff's failure to bring a motion to amend.  Defendants filed their motion on January 7, 2022.

22   Plaintiff's response was due within twenty-one days after service of the motion.  E.D. Cal. R.

23   230(l).  Over forty-five days have passed since defendants filed their motion and plaintiff has not

24   filed a response.  Accordingly, this court will consider defendants' motion.

25           Defendants are correct.  If plaintiff seeks to amend a complaint, he must do so by filing a

26   motion.  6 Wright, Miller & Kane, Federal Practice and Procedure, § 1485 (3d ed.)  Because he

27   failed to do so, this court will recommend defendants' motion to strike be granted.

28   ////

                                                    12

Plaintiff should consider the following before filing any further motion to amend:

- He must show that he meets the standards for amendment set out in Rule 15 and the standards for adding new parties set out in Rule 20.
- He must have exhausted all administrative remedies against the potential defendants before attempting to include them in this action.
- He should review this order and the court's prior screening orders regarding the viability of his potential claims.  For example, this court finds herein that plaintiff's allegations that defendants violated an order in Coleman order do not state a federal claim cognizable in this § 1983 action.

With respect to the notice of the death of defendant Sexton, that notice advised plaintiff that if he wished to substitute in Sexton's estate he had 90 days from the date of that notice to do so.  See Fed. R. Civ. P. 25(a)(1).  Plaintiff indicates that he is seeking to substitute Steiner or Perez for Sexton.  Substitution with those parties is not appropriate.  Rather, upon the death of a party, the plaintiff may seek to substitute only a legal representative of the deceased defendant. Fed. R. Civ. P. 25(a)(1); 5 Wright, Miller & Kane, Federal Practice and Procedure, § 1956 (3d ed.)  Plaintiff provides no reason to think Steiner or Perez is a legal representative of Sexton.

Defendants filed the notice of death on November 3, 2021.  The 90 days expired on February 1, 2022 and plaintiff has not moved to substitute a proper party.  Therefore, plaintiff's claims against Sexton should be dismissed from this action.  Fed. R. Civ. P. 25(a)(1).

**REMAINING PENDING MOTIONS**

This court finds good cause for plaintiff's motion for an extension of time to file a reply to defendants' opposition to his motion to amend.  With respect to plaintiff's motion for an "instant" ruling, plaintiff provided no reason for the court to address his motion to amend with particular urgency and, in any event, his motion is now moot.  Finally, defendants' motion to vacate the summary judgment deadline appears to be based on the belief that, when she granted their motion for a new scheduling order, Chief Judge Mueller also set a deadline for filing dispositive motions. She did not.  Rather, Chief Judge Mueller referred the scheduling issues to this court.

13

1    This court will address scheduling after Chief Judge Mueller rules on plaintiff's motion to

2    amend and defendants' motion to strike.

3    For the foregoing reasons, IT IS HERBY ORDERED that:

4    1.  Plaintiff's April 1, 2021 motion for an extension of time to file a reply brief (ECF No.

5    71) is granted;

6    2.  Plaintiff's November 8, 2021 motion for an "instant" ruling on the motion to amend

7    the complaint (ECF No. 83) is denied;

8    3.  Plaintiff's motion to intervene (ECF No. 86) is denied without prejudice to its renewal

9    in Coleman v. Newsom, 2:90-cv-0520 KJM DB P.

10   4.  Defendants' motion to vacate the dispositive motion deadline (ECF No. 89) is denied

11   as moot.

12   Further, IT IS RECOMMENDED that

13   1.  Plaintiff's February 18, 2021 motion to amend the SAC (ECF No. 66) be granted in

14   part and denied in part as follows:

15        a.  Plaintiff's motion to supplement his SAC with an Eighth Amendment claim and

16        a First Amendment claim against defendant Flores be granted; and

17        b.  Plaintiff's motion to supplement or amend the SAC be denied with respect to

18        the addition of claims that Guard One is being used inappropriately on non-Coleman class

19        members, that defendant Flores violated plaintiff's rights under the PREA, and that CDCR

20        violated an order in Coleman by allowing psychiatric technicians, rather than custody

21        staff, to conduct the Guard One checks.

22   2.  Defendant's motion to strike (ECF No. 87) the amended complaint filed December 27,

23   2021 be granted.

24   3.  Defendant Sexton be dismissed from this action.

25   These findings and recommendations will be submitted to the United States District Judge

26   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within thirty days after

27   being served with these findings and recommendations, either party may file written objections

28   with the court.  The document should be captioned "Objections to Magistrate Judge's Findings

14

1  and Recommendations."  The parties are advised that failure to file objections within the specified

2  time may result in waiver of the right to appeal the district court's order.  Martinez v. Ylst, 951

3  F.2d 1153 (9th Cir. 1991).

4  Dated:  March 30, 2022

5

6

7  DEBORAH BARNES
   UNITED STATES MAGISTRATE JUDGE

8

9  DLB:9/DB Prisoner Inbox/Civil Rights/S/harr0080.mot am SAC

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

15