# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EARNEST S. HARRIS,<br><br>    Plaintiff,<br><br>    v.<br><br>SEXTON, et al.,<br><br>    Defendant. | No. 1:18-cv-0080 KJM DB P<br><br><br>ORDER |

    Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge as provided by 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

    On March 31, 2022, the magistrate judge filed findings and recommendations, which were served on plaintiff and which contained notice to plaintiff that any objections to the findings and recommendations were to be filed within thirty days. Plaintiff has filed objections to the findings and recommendations.

    On August 9, 2022, the court issued an order requiring counsel for defendants to file within fourteen days a statement explaining what, if any, impact the settlement reached in the complaint-in-intervention filed by plaintiff Christopher Lipsey in *Coleman v. Newsom*, Case No. 90-cv-0520 KJM DB P, has on this action. Aug. 9, 2022 Order, ECF No. 98. On August 22, 2022, defendants timely filed a response representing they do not believe the Lipsey settlement impacts this action. ECF No. 99.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case. Having reviewed the file, including defendants' August 2022 filing, the court finds the findings and recommendations to be supported by the record and by the proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed March 31, 2022, are adopted in full.

2. Plaintiff's February 18, 2021 motion to amend the second amended complaint ("SAC") (ECF No. 66) is granted in part and denied in part as follows:

   a. Plaintiff's motion to supplement his SAC with an Eighth Amendment claim and a First Amendment claim against defendant Flores is granted; and

   b. Plaintiff's motion to supplement or amend the SAC is denied with respect to the addition of claims that Guard One is being used inappropriately on non-*Coleman* class members, that defendant Flores violated plaintiff's rights under the PREA, and that CDCR violated an order in *Coleman v. Newsom* by allowing psychiatric technicians, rather than custody staff, to conduct the Guard One checks.

3. Defendant's motion to strike (ECF No. 87) the amended complaint filed December 27, 2021 is granted.

4. Defendant Sexton is dismissed from this action.

5. This matter is referred back to the assigned magistrate judge for all further pretrial proceedings.

DATED: January 17, 2023.

CHIEF UNITED STATES DISTRICT JUDGE